

Jennifer A. Surprenant
212-801-6594
surprenantJ@gtlaw.com

June 3, 2019

Hon. Andrew L. Carter
U.S. District Court Judge
Southern District of New York
40 Foley Square
New York, New York, 10007

Re:   *Ridenhour v. Bryant, et al.*, No. 1:19-cv-2587

Dear Judge Carter:

We represent Defendants Bettina Sulser Bryant and Donald L. Bryant, Jr. ("Defendants"). Pursuant to Your Honor's Individual Practices, we write to request a pre-motion conference as an antecedent to filing a motion to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).

As discussed in the sections to follow, any alleged oral agreement between Lauren Ridenhour ("Plaintiff") and Defendants is voided by N.Y. Gen. Obl. L. § 5-701(a)(10) which requires that all agreements "to pay compensation for services rendered in negotiating a loan" be in writing. Plaintiff affirmatively pleads that she lacks such a written agreement, and thus Defendants' motion will be dispositive of her claims. Further, any alleged oral agreement is indefinite as a matter of law as Plaintiff does not—and cannot—plead the existence of a definite price term for her compensation. Lacking this essential element, her purported oral contract is unenforceable as a matter of law.

## Background

In 2018, Plaintiff was an employee of Defendants' winery. Am. Compl. (Dkt. 5) ¶ 10(a). Plaintiff brings this action seeking compensation in connection with her alleged oral agreement with the Defendants to "renegotiat[e] the terms of a $98,459,169 million loan to Mr. Bryant with JP Morgan Chase" in May 2018. *Id.* ¶ 1. Plaintiff pleads no specific agreed upon compensation for these alleged services and instead pleads that the parties agreed that any fee should be based "upon any value added that she would negotiate in the loan's terms." *Id.* ¶ 13. As she had "no written agreement about the specific compensation for her services" pertaining to the renegotiation of this loan, *id.* ¶ 22, Plaintiff brings a cause of action for breach of an oral contract seeking compensation, *id.* ¶¶ 48-52. Plaintiff further seeks recovery in *quantum meruit* in connection with these same alleged renegotiation services. *Id.* ¶¶ 53-58.

Plaintiff has amended her Complaint once as a matter of right. *See generally id.*

Greenberg Traurig, LLP | Attorneys at Law
MetLife Building | 200 Park Avenue | New York, NY 10166 | T +1 212.801.9200 | F +1 212.801.6400

www.gtlaw.com

## Argument

### I. PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED UNDER NEW YORK'S STATUTE OF FRAUDS.

Plaintiff's alleged oral agreement to negotiate Defendants' loan is void under New York's Statute of Frauds. Specifically, N.Y. General Obligations Law § 5-701(a)(10) provides that "[e]very agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking . . . [i]s a contract to pay compensation for services rendered in negotiating a loan . . . ." For the avoidance of doubt, Section 5-701(a)(10) further states that "'[n]egotiating' includes procuring an introduction to a party to the transaction or assisting in the negotiation or consummation of the transaction."

This situation precisely is what Plaintiff alleges. Specifically, Plaintiff's cause of action for "breach of an oral agreement" claims that "Defendants have failed and refused to compensate her for services rendered in connection with renegotiating the terms of a $98,459,169 million loan." Am. Compl. (Dkt. 5) ¶ 1; *see also id.* ¶¶ 19-29 (detailing the loan negotiations Plaintiff allegedly undertook pursuant to the oral contract). Plainly, any alleged oral agreement for compensation is void under New York's Statute of Frauds. *See Hershkowitz v. Think Tech Labs, LLC*, 651 F. App'x 15, 17 (2d Cir. 2016); *Belotz v. Jefferies & Co., Inc.*, No. 98 Civ. 2587 (LAP), 1999 WL 587916, at *3 (S.D.N.Y. Aug. 4, 1999), *aff'd*, 213 F.3d 625 (2d Cir. 2000); *Rosbach v. Indus. Trading Co., Inc.*, 81 F. Supp. 2d 522, 524 (S.D.N.Y. 2000).

Further, the doctrine of *quantum meruit* cannot save this result. "It is well settled that under New York law a plaintiff may not escape the Statute of Frauds by attaching the label 'quantum meruit' . . . to the underlying contract claim." *Morgenweck v. Vision Capital Advisors, LLC*, 410 F. App'x 400 at n. 1 (2d Cir. 2011) (collecting cases); *accord Snyder v. Bronfman*, 13 N.Y.3d 504, 507 (2009); *Hanson v. Hanson*, No. 18 Civ. 695 (KPF), 2019 WL 935127, at *6-7 (S.D.N.Y. Feb. 26, 2019). Under New York law, such claims are analyzed together as a single quasi-contract claim, which also "are barred by . . . § 5-701(a)(10)." *Gutkowski v. Steinbrenner*, 680 F. Supp. 2d 602, 613 (S.D.N.Y. 2010) (quotation and citation omitted).

The forgoing is dispositive. Plaintiff's breach of oral contract claim cannot survive under New York's Statute of Frauds, and Plaintiff is prohibited from pleading around the statute through *quantum meruit*.

### II. PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE SHE ALLEGES AN INDEFINITE CONTRACT.

Even aside from Plaintiff's failure to satisfy the Statute of Frauds, Plaintiff's alleged oral agreement is unenforceable because it lacks an essential term of the purported contract—namely the price Plaintiff is to be paid. "As price is an essential ingredient of every contract for the rendering of services, an agreement must be definite as to compensation." *In re Maxwell Commc'n*, 198 B.R. 63, 68 (S.D.N.Y. 1996) (internal citation and quotations omitted); *accord Gutkowski*, 680 F. Supp. 2d at 610-11 ("Plaintiff fails to allege adequately the compensation term, and as a result, the purported oral agreement is indefinite as a matter of law.").

The alleged oral agreement lacks a definite price term. Specifically, Plaintiff pleads that she and Defendants "agreed that she would receive a fee based upon any value added that she would negotiate in the loan's terms," Am. Compl. (Dkt. 5) ¶ 13, but she pleads no further details as to how that "value added" allegedly would be calculated or determined. New York courts have held many similarly vague compensation terms to be insufficiently definite as a matter of law. *See Deluca v. Bank of Tokyo-Mitsubishi UFJ, Ltd.*, No. 06 Civ. 5474 (JGK), 2008 WL 857492, at *15 (S.D.N.Y. Mar. 31, 2008) ("New York courts . . . will not give contractual effect to vague generalizations about compensation."); *accord Gutkowski*, 680 F. Supp. 2d at 610-11 (agreement to be "compensated fairly" or "fairly compensated" is too indefinite as to a price term to be enforceable); *United Res. Recovery Corp. v. Ramko Venture Mgmt. Inc.*, No. 07 Civ. 9452 (RWS), 2009 WL 2746232, at *6 (S.D.N.Y. Aug. 28, 2009) ("Gutierrez's vague and ambiguous statement that Kohut would be 'taken care of' is too indefinite to form a legally enforceable contract."); *Major League Baseball Props., Inc. v. Opening Day Prods., Inc.*, 385 F. Supp. 2d 256, 271-72 (S.D.N.Y. 2005) (finding statement "we'll compensate you" too indefinite to establish a meeting of the minds between the parties).

The lack of specificity likewise undermines Plaintiff's *quantum meruit* claim. At the time of the 2018 loan renegotiation, Plaintiff had transitioned from being a "consultant" to an "employee earning a $150,000 base salary." *See* Am. Compl. (Dkt. 5) ¶ 10(a). "New York Courts have held that *quantum meruit* claims fail where a party cannot reasonably know that services are being performed by the other party with the expectation that additional payment will be made for those services." *United Res. Recovery Corp.*, 2009 WL 2746232, at *9. Further, a contract for a separate payment that was more than double Plaintiff's annual salary should have been agreed upon with specificity. *See, e.g., Johnson v. Stanfield Capital Partners, LLC*, 68 A.D.3d 628, 629 (1st Dep't 2009) ("'the parties would be expected to make reference to such a large sum of money in the [ ] agreement with particularity'") (quoting *Namad v. Salomon Inc.*, 74 N.Y.2d 751, 753 (1989)); *U.K. Cable Ventures, Inc. v. Bell Atl. Invs.*, 232 A.D.2d 294, 295 (1st Dep't 1996) (magnitude of claim means "that a formal writing would be the ordinary expectation"). Plaintiff's claims thus fail for this additional reason.

## Conclusion

For the foregoing reasons, Defendants respectfully request a pre-motion conference at the Court's convenience and/or permission to proceed with filing the proposed motion to dismiss the Amended Complaint with prejudice because all of Plaintiff's claims legally are futile.

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

By: /s/ Jennifer A. Surprenant
Jennifer A. Surprenant
Alan Mansfield
200 Park Avenue
New York, NY 10166
(212) 801-9200
(212) 801-6400 (facsimile)
surprenantj@gtlaw.com
*Attorneys for Defendants*