**Kraus & Zuchlewski** LLP

June 6, 2019

Hon. Andrew L. Carter
U.S. District Court Judge
Southern District of New York
40 Foley Square
New York, New York  10007

Re:  Ridenhour v. Bryant, et al., No. 1:19-cv-2587

Dear Judge Carter:

    We represent Plaintiff Lauren Ridenhour in the above-referenced action. We write in response to the June 3, 2019 letter of defendants Bettina Sulser Bryant and Donald L. Bryant ("Defendants") requesting a pre-motion conference. Defendants intend to argue in a motion to dismiss that: Ms. Ridenhour's agreement with Defendants to negotiate the renewal of Mr. Bryant's loan: (a) fails to satisfy the Statute of Frauds - N.Y. General Obligations Law ("GOL") §5-701 - because the amended complaint alleges an oral agreement; (b) is too indefinite to be enforced because it lacks any compensation term, a defect which Defendants argue also dooms Ms. Ridenhour's *quantum meruit* claim. Ms. Ridenhour will amend the complaint to allege that a series of emails will satisfy the writings requirement of GOL §§5-701, and she will argue that the payment terms she pleads are sufficiently definite to support either a contract or *quantum meruit* claim. Lastly, Ms. Ridenhour has a claim for promissory estoppel, for the reasons discussed below.

Emails From Ms. Bryant Constitute a "Writing" Satisfying GOL §5-701

    General Obligations Law § 5-701 allows the writing requirement to be satisfied by a collection of written communications establishing the agreement's existence. See Nausch v. AON Corp., 2 A.D.3d 101, 101-103, 769 N.Y.S.2d 481, 482-483 (1st Dept. 2003); Horn & Hardart Co. v. Pillsbury Co., 888 F.2d 8, 10-11 (2d Cir. 1989), citing Crabtree v. Elizabeth Arden Sales Corp., 305 N.Y. 48, 55, 110 N.E.2d 551, 554 (1953). Mrs. Bryant exchanged numerous emails with Ms. Ridenhour concerning renegotiation of the loan which collectively constitute a contract, and Ms. Ridenhour proposes to plead the existence and content of these emails in an amended complaint, pursuant to the Court's Individual Rule 2(D)(i). Emails exchanged between the parties satisfy the signed writings requirement of GOL 5-701. See GOL § 5-701(b)(3)(a)[1]; Naldi v Grunberg, 80 AD3d 1, 14, 908 N.Y.S.2d 639 (1st Dept. 2010). An

---

[1] GOL § 5-701(b)(3)(a) provides:

There is sufficient evidence that a contract has been made if:  (a) There is evidence of electronic communication (including, without limitation, the recording of a telephone call or the tangible written text produced by computer retrieval), admissible in evidence under the laws of this state, sufficient to indicate that in such communication a contract was made between the parties;

One Grand Central Place
60 East 42nd Street
New York, NY 10165

Tel.: (212) 869-4646
Fax: (212) 869-4648
www.kzlaw.net

amended complaint shall identify the emails between Mrs. Bryant and Ms. Ridenhour creating an enforceable contract.

The Agreed Compensation Term Was Sufficiently Clear

In her amended complaint, Ms. Ridenhour alleges that she was engaged to perform the exact same task she had performed previously for the Bryants, separately from her work for the Winery. The parties agreed she would be paid in the same manner as in the first renegotiation – a portion of 20% of the savings obtained by Ms. Ridenhour. See Amended Complaint, Exhibit A. Defendants argue that this compensation term is indefinite, precluding enforcement of the agreement.

The Second Circuit follows the New York Court of Appeals decision that an indefinite price term is not fatal if the contract or other circumstances provides some basis for determining the amount to be paid. See Cobble Hill Nursing Home v. Henry & Warren Corp., 74 N.Y.2d 475, 483, 548 N.E.2d 203, 548 N.Y.S.2d 920 (1989). There the NY Court of Appeals explained:

> a price term is not necessarily indefinite because the agreement fails to specify a dollar figure, or leaves fixing the amount for the future, or contains no computational formula. . . . . a price term may be sufficiently definite if the amount can be determined objectively without the need for new expressions by the parties; a method for reducing uncertainty to certainty might, for example, be found within the agreement or ascertained by reference to an extrinsic event, commercial practice or trade usage.

Id. at 483 (citations omitted). See Tractebel Energy Mktg. v. AEP Power Mktg., 487 F.3d 89, 95 (2d Cir. 2007); Arbitron, Inc. v. Tralyn Broad., Inc., 400 F.3d 130, 132, 135-137 (2d Cir. 2005) (agreement to give Arbitron discretion in adjusting fees constituted a "mechanism for objectively setting material terms in the future without further negotiations between both parties."); Barry v. Liddle, O'Connor, Finkelstein & Robinson, 98 F.3d 36, 37-38, 40 (2d Cir. 1996) (unsigned memorandum that calculated plaintiff's compensation using undefined terms such as "pre tax revenues" and "full costs" was sufficiently definitive). Here the compensation due Ms. Ridenhour was based on the concessions she obtained from the lender, the same method of computation used for the previous renegotiation.

The past practice of the parties regarding pricing for the same transaction and/or industry practice provides a sufficient guidepost to determine a price or cost. See Piven v. Wolf Haldenstein Adler Freeman & Herz L.L.P., 2010 U.S. Dist. LEXIS 27609, at *16-17 (S.D.N.Y. Mar. 12, 2010) (past payments to plaintiffs pursuant to this agreement demonstrated the term was not indefinite); Cowen & Co., LLC v. Fiserv, Inc., 141 A.D.3d 18, 31 N.Y.S.3d 494, 495 (1st Dept. 2016) ("Transaction Fee" "consistent with investment banking industry practice" was sufficiently definite.). Here, the calculation used previously, in which Ms. Ridenhour was paid a portion of 20% of the savings, is sufficiently definite to enforce both her breach of contract and her *quantum meruit* claims.

Hon. Andrew L. Carter
June 6, 2019
Page 3

      Lastly, Defendants suggest that Ms. Ridenhour's salary from the Winery precludes a *quantum meruit* claim for her renegotiation of the loan. However, Defendants cannot contradict Ms. Ridenhour's allegations that (a) the work on the loan was not for the Winery, but for Mr. Bryant, personally; and (b) she had previously been paid separately for her work for the Winery and her work on the loan. These facts establish that "the services allegedly performed are so distinct from the duties of [her] employment and of such nature that it would be unreasonable for the employer to assume that they were rendered without expectation of further pay." Robinson v Munn, 238 NY 40, 43 (1924). In fact, here Ms. Ridenhour was not providing services for her employer, the Winery, she was performing services for Mr. Bryant individually, far outside the scope of her employment.

Ridenhour Has A Viable Claim For Promissory Estoppel

      Ms. Ridenhour will allege a cause of action for promissory estoppel as an alternative to the breach of contract claim. For this, she must plead: (a) a clear and unambiguous promise, (b) reasonable and foreseeable reliance and (c) an injury to her caused by that reliance. See Bellen v. Weiser, 2007 U.S. Dist. LEXIS 75673, at *22-26 (S.D.N.Y. Oct. 11, 2007). Where the underlying contract is rendered unenforceable by the Statute of Frauds, a plaintiff must prove an unconscionable injury to satisfy the third requirement. See Philo Smith & Co., Inc. v. Uslife Corp., 554 F.2d 34, 36 (2d Cir. 1977). At the pleading stage, Ms. Ridenhour does not have a heavy burden to allege facts demonstrating unconscionability. See Bellen, at *25-26. "The burden of proof will, of course, weigh heavily on plaintiff since the Statute of Frauds is not easily avoided. However, giving the complaint the liberal construction to which it is entitled, [the Court should not] foreclose plaintiff's proof on the questions raised therein." Special Event Entm't v. Rockefeller Ctr., Inc., 458 F. Supp. 72, 77 (S.D.N.Y. 1978) (Duffy, J.) (citations omitted). See also Buddman Distribs., Inc. v. Labatt Imps., Inc., 91 A.D.2d 838, 839, 458 N.Y.S.2d 395, 397 (4th Dep't 1982).

## Conclusion

      For the foregoing reasons, Ms. Ridenhour seeks to amend the complaint to allege and identify writings which together constitute an agreement and to assert a claim for promissory estoppel. As for the allegedly indefinite price term, Ms. Ridenhour will establish that reference to a previously used calculation concerning an identical task is sufficiently definite to permit the agreement evidenced by the emails to be enforced.

      Respectfully submitted,

By: /s/ *Pearl Zuchlewski*
Pearl Zuchlewski  pz@kzlaw.net
George Schwab  gs@kzlaw.net
Kraus & Zuchlewski LLP
60 East 42nd Street, Suite 2534
New York, New York 10019
212-869-4646
Attorneys for Plaintiff