UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAUREN RIDENHOUR,

                           Plaintiff,

            v.

BETTINA SULSER BRYANT and DONALD L.
BRYANT, JR.,

                      Defendants.

No. 1:19-cv-2587

**<u>Oral Argument Requested</u>**

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
<u>THE SECOND AMENDED COMPLAINT</u>**

**GREENBERG TRAURIG, LLP**
Alan Mansfield, Esq.
Jennifer A. Surprenant, Esq.
200 Park Avenue
New York, New York 10166
mansfielda@gtlaw.com
surprenantj@gtlaw.com
Tel:    (212) 801-9200
Fax:   (212) 801-6400

*Attorneys for Defendants Bettina Sulser Bryant and
Donald L. Bryant, Jr.*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................... ii

PRELIMINARY STATEMENT ................................................................................ 1

PROCEDURAL BACKGROUND............................................................................. 2

     A.    Plaintiff Filed Her Initial Complaint........................................................ 2
     B.    Plaintiff Amended Her Complaint as a Matter of Right. ........................ 2
     C.    Defendants Requested a Pre-Motion Conference in Accordance with Court
          Rules. ...................................................................................................... 3
     D.    Plaintiff Responded to Defendants' Request for a Pre-Motion Conference.......... 3
     E.    Without Obtaining Leave, Plaintiff Filed Her Second Amended
          Complaint................................................................................................ 4

FACTUAL BACKGROUND .................................................................................... 4

STANDARD OF REVIEW ...................................................................................... 7

ARGUMENT ........................................................................................................... 8

     I.     PLAINTIFF'S SECOND AMENDED COMPLAINT SHOULD BE
           DISMISSED BECAUSE SHE FAILED TO OBTAIN LEAVE TO
           AMEND. ............................................................................................... 8

     II.    PLAINTIFF HAS FAILED TO PLEAD THE ESSENTIAL ELEMENTS
           OF A BREACH OF CONTRACT ACTION............................................ 9

           A.    The Alleged Contract Is Unenforceable Because It Lacks a
                Definite Price Term. ................................................................... 9
           B.    Plaintiff Has Failed to Allege Her Performance. ................................. 11

     III.   PLAINTIFF'S SECOND AMENDED COMPLAINT SHOULD BE
           DISMISSED UNDER NEW YORK'S STATUTE OF FRAUDS. ..................... 12

           A.    Plaintiff's Alleged Oral Contract Is Void Under the Statute of
                Frauds...................................................................................... 12
           B.    Plaintiff's Written Documentation Fails to Supply the Material
                Terms of the Contract. ................................................................ 12
            C.    Partial Performance by Plaintiff Is Irrelevant. ...................................... 15

     IV.   PLAINTIFF'S CLAIM FOR PROMISSORY ESTOPPEL ALSO FAILS
           FOR INDEFINITENESS AND UNDER THE STATUTE OF FRAUDS........... 15

     V.    PLAINTIFF SHOULD NOT BE ALLOWED TO REPLEAD........................... 17

CONCLUSION........................................................................................................ 18

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Atsi Commc'ns, Inc. v. Shaar Fund, Inc.*,
    493 F.3d 87 (2d Cir. 2007)....................................................................................4, 7

*Belotz v. Jefferies & Co., Inc.*,
    No. 98 Civ. 2587, 1999 WL 587916 (S.D.N.Y. Aug. 4, 1999) ...............................12

*CMC Transaction Servs., LLC v. IDEX Corp.*,
    No. 18 Civ 4925, 2019 WL 3496643 (S.D.N.Y. Aug. 1, 2019) ...........................16

*Compunnel Software Gr., Inc. v. Gupta*,
    No. 14 Civ 4790, 2015 WL 1224298 (S.D.N.Y. Mar. 17, 2015) ...........................13

*Cucina Classica Italiana, Inc. v. Banca Nazionale Del Lavoro*,
    No. 96 Civ. 1144, 1997 WL 2516 (S.D.N.Y. Jan. 3, 1997)....................................17

*Deluca v. Bank of Tokyo-Mitsubishi UFJ, Ltd.*,
    No. 06 Civ. 5474, 2008 WL 857492 (S.D.N.Y. Mar. 31, 2008) ...........................10

*Duckett v. Hadley Engelhard, Esq.*,
    No. 15 Civ. 8645, 2017 WL 512455 (S.D.N.Y. Feb. 6, 2017) ...............................15

*Ellis v. Provident Life & Accident Ins. Co.*,
    3 F. Supp. 2d 399 (S.D.N.Y. 1998).......................................................................16

*Faconti v. Potter*,
    242 F. App'x 775 (2d Cir. 2007) .............................................................................7

*Ferguson v. Ferrante*,
    No. 13 Civ. 4468, 2015 WL 3404131 (S.D.N.Y. May 27, 2015)........................9, 11

*Foman v. Davis*,
    371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)..............................................8

*Foros Advisors LLC v. Digital Globe, Inc.*,
    333 F. Supp. 3d 354 (S.D.N.Y. 2018).....................................................................13

*GEM Advisors, Inc. v. Corporacion Sidenor, S.A.*,
    667 F. Supp. 2d. 308 (S.D.N.Y. 2009).....................................................................9

*Gutkowski v. Steinbrenner*,
    680 F. Supp. 2d 602 (S.D.N.Y. 2010)...............................................8, 9, 10, 11, 15

*Hanson v. Hanson*,
    No. 18 Civ. 695, 2019 WL 935127 (S.D.N.Y. Feb. 26, 2019) ...............................16

*Hershkowitz v. Think Tech Labs, LLC*,
    651 F. App'x 15 (2d Cir. 2016) ..............................................................................12

*Johnson v. Nextel Commc'ns, Inc.*,
    660 F.3d 131 (2d Cir. 2011)....................................................................................9, 11

*Jones v. New York State Div. of Military & Naval Affairs*,
    166 F.3d 45 (2d Cir. 1999)..............................................................................................8

*Joseph Martin, Jr., Delicatessen, Inc. v. Schumacher*,
    52 N.Y.2d 105 (1981) ....................................................................................................9

*KJ Roberts & Co. Inc. v. MDC Partners Inc.*,
    No. 12 Civ. 5779, 2014 WL 1013828 (S.D.N.Y. Mar. 14, 2014) ...................13, 14

*Kobre v. Instrument Sys. Corp.*,
    387 N.Y.S.2d 617 (1st Dep't 1976) ............................................................................13

*Lopez v. Ctpartners Exec. Search Inc.*,
    173 F. Supp. 3d 12 (S.D.N.Y. 2016)..........................................................................17

*Major League Baseball Props., Inc. v. Opening Day Prods., Inc.*,
    385 F. Supp. 2d 256 (S.D.N.Y. 2005) .......................................................................10

*In re Maxwell Commc'n Corp.*,
    198 B.R. 63 (S.D.N.Y. 1996)...................................................................................9, 11

*Messner Vetere Berger McNamee Schmetterer Euro RSCG Inc. v. Aegis Grp. Plc*,
    93 N.Y.2d 229 (1999) ..................................................................................................15

*Mondo, Inc. v. Sirco Int'l Corp.*,
    No. 97 Civ. 3121, 1998 WL 849401 (S.D.N.Y. Dec. 7, 1998)..............................16

*Morgenweck v. Vision Capital Advisors, LLC*,
    410 F. App'x 400 (2d Cir. 2011) ...............................................................................16

*Pani v. Empire Blue Cross Blue Shield*,
    152 F.3d 67 (2d Cir. 1997), *cert. den.*, 525 U.S. 1103, 119 S. Ct. 868, 142 L.
    Ed. 2d 770 (1999) ...........................................................................................................7

*Philo Smith & Co., Inc. v. USLIFE Corp.*,
    554 F.2d 34 (2d Cir. 1977)..........................................................................................16

*Reprosystem, B.V. v. SCM Corp.*,
    727 F.2d 257 (2d Cir. 1984).......................................................................................15

*Rosbach v. Indus. Trading Co., Inc.*,
    81 F. Supp. 2d 522 (S.D.N.Y. 2000)..........................................................................12

*Rosenthal v. Kingsley*,
    674 F. Supp. 1113 (S.D.N.Y. 1987)...........................................................................17

*Rosner v. Bank of China*,
    349 F. App'x 637 (2d Cir. 2009) ..............................................................................4, 7

*Saunder v. Baryshnikov*,
    487 N.Y.S.2d 51 (1st Dep't 1985) ................................................................................9

*Sheppard v. Beerman*,
    18 F.3d 147 (2d Cir. 1994)............................................................................................7

*United Res. Recovery Corp. v. Ramko Venture Mgmt., Inc.*,
    No. 07 Civ. 9452, 2009 WL 2746232 (S.D.N.Y. Aug. 28, 2009) ..........................................10

**Statutes**

N.Y. Gen. Obl. L. § 5-701(a)(10) ......................................................................................1, 3, 12

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)........................................................................................................1, 7, 8

Fed. R. Civ. P. 15 ......................................................................................................................8

Defendants Bettina Sulser Bryant and Donald L. Bryant, Jr. ("Defendants") submit this memorandum of law in support of their motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Second Amended Complaint of Lauren Ridenhour ("Plaintiff") with prejudice.

## PRELIMINARY STATEMENT

Plaintiff seeks compensation for her alleged oral agreement with Defendants to negotiate a bank loan. Any oral agreement is void under New York's Statute of Frauds, which requires that all agreements "to pay compensation for services rendered in negotiating a loan" be in writing. *See* N.Y. Gen. Obl. L. § 5-701(a)(10). Plaintiff pleads that she lacks a written agreement, and this is dispositive of her claim.

Upon being advised of this fact over two months ago, Plaintiff claimed that she would plead a "series of emails that will satisfy the writings requirement" of the Statute of Frauds. She did not. Without leave of the Court and in violation of Rule 15, on July 31, 2019, Plaintiff filed her Second Amended Complaint. To that Second Amended Complaint, she attached five documents which, neither individually nor collectively, establish the material terms of any contract between the parties. Indeed, these documents contain no mention of the identity of the parties, Plaintiff's duties, scope of work, duration of assignment, or the price that she was to be paid in conjunction with the alleged loan negotiations. These writings do not come close to satisfying the requirements of the Statute of Frauds. Accordingly, any alleged oral contract is void.

The Statute of Frauds is not the only barrier to Plaintiff's ability to plead a successful case. Indeed, she also fails to plead two of the requisite elements of her claim for breach of an oral contract. First, she cannot establish the existence of an oral contract because she pleads a price term that is indefinite as a matter of law. Second, she pleads that she did not perform, and she

pleads no contractual provision that would entitle her to compensation in the absence of performance. For this further reason, she fails to state a claim for relief.

Plaintiff's attempt to establish a basis for compensation through the doctrine of promissory estoppel fails for similar reasons. She cannot circumvent the requirements of the Statute of Frauds, nor can she use promissory estoppel to overcome her inability to plead the existence of material contractual elements.

Thus, even in her third attempt to plead a claim under New York law, she has failed. Defendants respectfully request that her Second Amended Complaint be dismissed with prejudice.

## PROCEDURAL BACKGROUND

### A. Plaintiff Filed Her Initial Complaint.

On March 22, 2019, Plaintiff filed her initial Complaint in this action. Complaint (Ex. 1[1]) (the "Initial Complaint"). As alleged there, Plaintiff sought $400,000 as the "fee for her services" rendered in connection with "renegotiating a $98,459,169 million loan with JP Morgan Chase" that would mature in April 2019 (the "2019 JPM Loan"). *Id.* ¶¶ 1-2. In the Initial Complaint, Plaintiff brought a claim against Mrs. Bryant and the Donald L. Bryant Jr. Family Art Trust (the "Trust") for breach of an oral contract and a second claim seeking recovery in *quantum meruit*. *Id.* ¶¶ 43-53.

### B. Plaintiff Amended Her Complaint as a Matter of Right.

On April 22, 2019, Plaintiff filed her First Amended Complaint as a matter of right. *See* First Am. Compl. (Ex. 2). Though the allegations of the First Amended Complaint pertaining to the $400,000 fee largely remained the same, the First Amended Complaint now alleged the oral

---

[1] "(Ex. )" references exhibits to the accompanying Declaration of Jennifer A. Surprenant.

contract was between Plaintiff and Mr. and Mrs. Bryant, and similarly sought recovery in *quantum meruit*. *Id.* ¶¶ 48-58.  Plaintiff dropped all allegations against the Trust.

C. **Defendants Requested a Pre-Motion Conference in Accordance with Court Rules.**

On June 3, 2019, and in accordance with Rule 2.A of the Individual Practices of Andrew L. Carter, Jr. (the "Court Rules"), Defendants advised the Court and opposing counsel that they intended to file a motion to dismiss the Amended Complaint.  Defs.' 6/3/19 Letter (Ex. 3).  Among other things, in that letter, Defendants demonstrated that any alleged oral agreement between Plaintiff and Defendants is void under N.Y. Gen. Obl. L. § 5-701(a)(10), which requires that all agreements "to pay compensation for services rendered in negotiating a loan" be in writing.  Defendants further demonstrated that any alleged agreement was indefinite as a matter of law because it lacked an agreed upon compensation term.  *See id.*

D. **Plaintiff Responded to Defendants' Request for a Pre-Motion Conference.**

On June 6, 2019, Plaintiff submitted its response to Defendants' June 3rd letter.  Pl.'s 6/6/19 Letter (Ex. 4).  Conceding that the statute was controlling, Plaintiff sought leave to amend the First Amended Complaint to allege that "a series of emails . . . satisfy the writings requirement of GOL § 5-701."  *Id.* at 1.  Elaborating further, the letter stated that "Mrs. Bryant exchanged numerous emails with Ms. Ridenhour concerning renegotiation of the loan which collectively constitute a contract, and Ms. Ridenhour proposes to plead the existence and content of these emails in an amended complaint, pursuant to the Court's Individual Rule 2(D)(i)."  *Id.*  She further contended that the price term of the parties' agreement was sufficiently definite.  *Id.*  Finally, she advised that she intended to bring a claim for promissory estoppel.  *Id.*

### E.      Without Obtaining Leave, Plaintiff Filed Her Second Amended Complaint.

The Court has yet to schedule the pre-motion conference requested by Defendants' June 3rd Letter.  Nonetheless, and without leave of the Court, Plaintiff filed her Second Amended Complaint on July 31, 2019.  Second Am. Compl. (Ex. 5).  The Second Amended Complaint dropped the claim for *quantum meruit* and asserted claims against Defendants for breach of oral contract and promissory estoppel.  *Id.* ¶¶ 68-77.  The allegations of the Second Amended Complaint pertaining to Plaintiff's entitlement to a $400,000 fee substantially echoed the Initial Complaint and the First Amended Complaint.  However, in the Second Amended Complaint, in addition to alleging the existence of an oral contract between herself and Mrs. Bryant (*id.* ¶¶ 24-27), Plaintiff supplied the "series of emails" to which her June 6th letter alluded, which "together constituted the engagement of Ms. Ridenhour."  *Id.* ¶ 33.  She attached these emails to her Second Amended Complaint as Exhibits B-E.

The Second Amended Complaint contained no reference to any action or communication undertaken by Mr. Bryant in connection with the alleged agreement with, or promise to, Plaintiff.

### FACTUAL BACKGROUND

Plaintiff is a former employee of Defendants' winery, Bryant Vineyards Ltd. (the "Winery").  She was hired, in 2014, to serve as a consultant to the Winery, and by 2018, she had transitioned to an employee earning a $150,000 base salary plus commissions.  Second Am. Compl. (Ex. 5) ¶ 10.  As alleged in the Second Amended Complaint,[2] in 2015 and continuing into 2016, Plaintiff negotiated a "$100 million loan to Mr. Bryant secured by [the Bryant's] valuable art collection" (the "2016 JPM Loan").  *Id.* ¶ 13.  There was no written agreement between

---

[2] Defendants repeat the facts as alleged by Plaintiff in her Second Amended Complaint.  For purposes of this motion, the allegations are presumed to be true.  *See, e.g.*, *Rosner v. Bank of China*, 349 F. App'x 637, 638 (2d Cir. 2009); *Atsi Commc'ns, Inc. v. Shaar Fund, Inc.*, 493 F.3d 87, 98 (2d Cir. 2007).

Defendants and Plaintiff in connection with that assignment.  *Id.* ¶ 14.  However, Defendants and Plaintiff agreed that Plaintiff would be compensated for her work in those negotiations "based upon any value added that she would negotiate in the loan's terms."  *Id.* ¶ 13.  "After completing the loan transaction," Plaintiff sought $617,958 as compensation for having negotiated the 2016 JPM Loan, as detailed in Exhibit A to the Second Amended Complaint.  *See id.* ¶ 17 and Ex. A.  Without further explanation, "[t]he parties subsequently agreed" to compensate Plaintiff $400,000 for her work on the 2016 JPM Loan.  *Id.* ¶ 17.

The 2016 JPM Loan was set to expire in "Spring 2019."  *See id.* at Ex. E.  Through a series of emails on May 31, 2018, Mrs. Bryant allegedly "engage[d] . . . Ms. Ridenhour" to undertake the renegotiation of that loan.  *Id.* ¶ 33.  However, that series of emails and documents (attached to the Second Amended Complaint as Exhibits B-E), does not reference any agreement between the parties, direct Plaintiff to undertake any tasks related to the 2019 JPM Loan, or discuss any compensation for Plaintiff.  The contents of those documents are as follows:

- Exhibit B is a screenshot of a portion of an inbox purporting to show four emails sent from "Bettina Bryant" to "lauren@laurenridenhour.com" on May 31, 2018. The contents of the emails are not included.  Exhibit B contains no reference to an agreement between Defendants and Plaintiff, nor does it make any mention of the 2019 JPM Loan negotiations.

- Exhibit C is an undated document titled "Donald L. Bryant Jr. Personal and Business Loans" and provides a high-level overview of several outstanding loans to Mr. Bryant and to the Winery from various financial institutions.  Exhibit C contains no reference to Plaintiff, to an agreement between Defendants and Plaintiff, or to the 2019 JPM Loan negotiations.

- Exhibit D is a May 31, 2018, email from Mrs. Bryant to Plaintiff forwarding an email of May 31, 2018, from UBS Financial Services to Mrs. Bryant confirming a $100,000 wire transfer from UBS to a recipient at JPMorgan Chase Bank, N.A. Exhibit D does not identify either the sender or the recipient of the $100,000 wire transfer, nor does it identify the purpose for which the transfer was made.  Exhibit D contains no reference to an agreement between Defendants and Plaintiff, nor does it make any mention of the 2019 JPM Loan negotiations.

- Finally, Exhibit E is a May 31, 2018, document titled "Art Loan Discussion."  There is no indication on Exhibit E who drafted this document, for what purpose it was drafted, or to whom the document was circulated.  Plaintiff contends that "[t]his document constituted Mrs. Bryant's instructions to Ms. Ridenhour, to renegotiate the terms of the current loan."  *See* Second Am. Compl. (Ex. 5) at ¶ 30.   However, Exhibit E does not contain any reference to an agreement between Defendants and Plaintiff, and it does not direct Plaintiff to act.  Indeed, this document appears to be drafted for distribution to a wider audience than Plaintiff and Mrs. Bryant.[3]  Exhibit E mentions Plaintiff only in one place:  It states that Plaintiff, in conjunction with Mrs. Bryant, conducted an analysis of a separate loan unrelated to the present action.  *See generally id.* at Ex. E. at 3.

Lacking written proof of any agreed upon compensation, Plaintiff pleads that the parties orally "agreed at [the May 31] meeting that [Plaintiff] would be compensated [to negotiate the

---

[3] The document states: "Lauren and I also analyzed the St. Helena house mortgage amidst this increasing interest rate environment."  *See id.* at Ex. E. at 3.  One would expect the word "we" instead of "Lauren and I" if this document only was circulated between Plaintiff and Mrs. Bryant.

2019 JPM Loan] as she previously had been compensated—based upon the value that she would add to the new loan's terms." *Id.* ¶ 26.   Prior to the culmination of the 2019 JPM Loan's renegotiation, Plaintiff was fired.[4]   *See id.* ¶¶ 63-64.   Though Plaintiff was paid the remainder of her salary and benefits through the end of 2018, she was not paid a fee for any services allegedly provided in connection with the 2019 JPM Loan renegotiation.   *Id.* ¶¶ 65-66.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) should be granted if it appears that the plaintiff cannot prove facts in support of her claim that would entitle her to relief.   *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994).   When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all of the factual allegations in the complaint as true.   *Rosner*, 349 F. App'x 637 at 638; *Atsi Commc'ns, Inc.*, 493 F.3d at 98.   A plaintiff will survive a motion to dismiss only if she provides the grounds upon which her claim rests through factual allegations rising beyond the level of mere speculation.   *Id.*

In evaluating a motion to dismiss, a court may consider documents other than the complaint, including documents that are attached to the complaint or incorporated in it by reference.   *See Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 71 (2d Cir. 1997), *cert. den.*, 525 U.S. 1103, 119 S. Ct. 868, 142 L. Ed. 2d 770 (1999)); *Faconti v. Potter*, 242 F. App'x 775, 777 (2d Cir. 2007).

---

[4] The Second Amended Complaint articulates several reasons for her firing—all of which are gratuitous, untrue and have no bearing on the parties' alleged compensation agreement in connection with the 2019 JPM Loan.

## ARGUMENT

**I.    PLAINTIFF'S SECOND AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE SHE FAILED TO OBTAIN LEAVE TO AMEND.**

Federal Rule of Civil Procedure 15 provides that a party may amend its pleading only "once as a matter of course." Fed. R. Civ. P. 15(a). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(b). Plaintiff had no such leave.

On June 3, and in accordance with Court Rule 2, Defendants advised the Court of its intention to file a motion to dismiss and requested that the Court schedule a pre-motion conference. Defs.' 6/3/19 Letter (Ex. 3). On June 6, Plaintiff responded to that letter, and sought leave to "amend the complaint to allege that a series of emails . . . satisfy the writings requirement of GOL § 5-701." Pl.'s 6/6/19 Letter (Ex. 4). The Court never granted leave, and has not yet scheduled the conference. Nonetheless and without Defendants' consent or leave of this Court, Plaintiff filed her Second Amended Complaint. This was in direct violation of Rule 15 and Court Rule 2. Her Complaint should be dismissed for this reason alone.

Further, though Rule 15 provides that "[t]he court should freely give leave when justice so requires," it is well established that leave to amend a complaint need not be granted when amendment would be futile. *See, e.g.*, *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *Jones v. New York State Div. of Military & Naval Affairs*, 166 F.3d 45, 50 (2d Cir. 1999); *Gutkowski v. Steinbrenner*, 680 F. Supp. 2d 602, 615 (S.D.N.Y. 2010). As discussed in the sections to follow, Plaintiff cannot state a claim upon which relief can be granted, and thus her Second Amended Complaint should be dismissed with prejudice under Rule 12(b)(6).

## II.    PLAINTIFF HAS FAILED TO PLEAD THE ESSENTIAL ELEMENTS OF A BREACH OF CONTRACT ACTION.

The essential elements for a breach of contract action are "(i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv) damages." *Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 142 (2d Cir. 2011); *accord Ferguson v. Ferrante*, No. 13 Civ. 4468, 2015 WL 3404131, at *3 (S.D.N.Y. May 27, 2015).  As Plaintiff has failed to allege both the existence of an enforceable contract and her own performance, she has not pleaded a claim for breach of contract.

### A.    The Alleged Contract Is Unenforceable Because It Lacks a Definite Price Term.

It is a basic axiom of contract law that the material terms of an agreement must be definite for that agreement to be legally enforceable.  *See, e.g.*, *Joseph Martin, Jr., Delicatessen, Inc. v. Schumacher*, 52 N.Y.2d 105, 109 (1981); *see also GEM Advisors, Inc. v. Corporacion Sidenor, S.A.*, 667 F. Supp. 2d 308, 327 (S.D.N.Y. 2009).  If there is "vagueness as to material details," that vagueness "render[s] the assertion of a contract meaningless." *Saunder v. Baryshnikov*, 487 N.Y.S.2d 51, 52 (1st Dep't 1985).  "As price is an essential ingredient of every contract for the rendering of services, an agreement must be definite as to compensation." *In re Maxwell Commc'n Corp.*, 198 B.R. 63, 68 (S.D.N.Y. 1996) (internal citation and quotations omitted); *accord GEM Advisors, Inc.*, 667 F. Supp. 2d 327 (granting motion to dismiss certain contract claims because the "compensation provision of the October 4, 2002 agreement is insufficiently definite"); *Gutkowski*, 680 F. Supp. 2d at 610 ("Plaintiff fails to allege adequately the compensation term, and as a result, the purported oral agreement is indefinite as a matter of law.").

The alleged oral agreement lacks a definite price term.  On its face, Plaintiff's pleading contradicts itself as to her form of compensation.  In certain places, she asserts that $400,000 (plus interest) is a "fee for her services."  Second Am. Compl. (Ex. 5) ¶¶ 2, 80.  These statements,

9

however, are inconsistent with the remainder of the pleading that states that any compensation would be "based upon the value that she would add to the new loan's terms." *Id.* ¶ 26. However, as a price term, the phrase "value added" is meaningless.

First, New York courts frequently have held that vague compensation terms like "value added" are indefinite as a matter of law. *See Deluca v. Bank of Tokyo-Mitsubishi UFJ, Ltd.*, No. 06 Civ. 5474, 2008 WL 857492, at *15 (S.D.N.Y. Mar. 31, 2008) ("New York courts . . . will not give contractual effect to vague generalizations about compensation."); *accord Gutkowski*, 680 F. Supp. 2d at 610-11 (agreement to be "compensated fairly" or "fairly compensated" is too indefinite as to a price term to be enforceable); *United Res. Recovery Corp. v. Ramko Venture Mgmt., Inc*., No. 07 Civ. 9452, 2009 WL 2746232, at *6 (S.D.N.Y. Aug. 28, 2009) ("Gutierrez's vague and ambiguous statement that Kohut would be 'taken care of' is too indefinite to form a legally enforceable contract."); *Major League Baseball Props., Inc. v. Opening Day Prods., Inc.*, 385 F. Supp. 2d 256, 271-72 (S.D.N.Y. 2005) (finding statement "we'll compensate you" too indefinite to establish a meeting of the minds between the parties).

Second and more importantly, in this case, the pleading reveals that the term is indefinite. Plaintiff seeks to look to the prior dealings between the parties in connection with the 2016 JPM Loan negotiations to supply the meaning of "value added" in respect to the 2019 JPM Loan negotiations. To that end, she contends that in 2015 she was paid on the "value [she] added" to that transaction, and that the parties agreed to compensate her in the same manner for the 2019 JPM Loan negotiations. *See* Second Am. Compl. (Ex. 5) ¶¶ 13, 26. A review of the 2016 Loan negotiations, however, demonstrates that there was no consensus between the parties as to what "value added" meant.

As shown in Exhibit A, for purposes of the 2016 JPM Loan, Plaintiff believed that 20% of the reduction in overall loan costs (*e.g.*, $617,958) constituted her "value added." *See* Second Am. Compl. (Ex. 5) at Ex. A.  Despite this calculation, Plaintiff only received $400,000 (*e.g.*, 12.95%) as compensation for her work on the 2016 JPM Loan. *See id.* ¶ 17.  Plaintiff pleads no explanation as to how the parties arrived at this $400,000 figure as her "value added" to the 2016 JPM Loan. *See id.*  What is evident, however, is that there was no meeting of the minds as to the proper interpretation of this term:  Plaintiff believed "value added" equated to 20% of the value saved on the loan payments, and Defendants clearly disagreed.  This fact, alone, undercuts any utility of using the 2016 JPM Loan negotiations as a point of reference to supply the compensation term for the 2019 JPM Loan negotiations.

Further underscoring the inapplicability of these prior negotiations to the present matter, in 2015, the parties did not determine any compensation until *after* the transaction was completed. *See id.*  Thus, even if the parties had reached some sort of agreement as to what percentage value denoted her "value added," any computations to determine the dollar amount of that payment only could be conducted after the 2019 JPM Loan was finalized.  And, Defendants fired Plaintiff prior to the completion of the 2019 JPM Loan negotiations.  Lacking this essential term, the alleged oral agreement is unenforceable as a matter of law.  *See, e.g.*, *In re Maxwell Commc'n Corp.*, 198 B.R. at 68; *accord Gutkowski*, 680 F. Supp. 2d at 610-11.

**B.    Plaintiff Has Failed to Allege Her Performance.**

Performance by the Plaintiff is an essential element of any claim for breach of contract. *See, e.g.*, *Johnson*, 660 F.3d at 142; *accord Ferguson*, 2015 WL 3404131, at *3.  Despite this requirement, Plaintiff pleads that she did not perform, contending that was fired before she could finalize the terms of the 2019 JPM Loan.  *See* Second Am. Compl. (Ex. 5) ¶¶ 63-64.  Further, she does not plead the existence of contractual terms or restrictions that would entitle her to a fee in

11

the event that Defendants unilaterally cancelled her performance obligations for any reason. Indeed, none existed.  The Second Amended Complaint should be dismissed for this further reason.

## III.   PLAINTIFF'S SECOND AMENDED COMPLAINT SHOULD BE DISMISSED UNDER NEW YORK'S STATUTE OF FRAUDS.

### A.   Plaintiff's Alleged Oral Contract Is Void Under the Statute of Frauds.

Plaintiff's alleged oral agreement to negotiate Defendants' loan is void under New York's Statute of Frauds.  Specifically, N.Y. General Obligations Law § 5-701(a)(10) provides, in relevant part, that "[e]very agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking . . . [i]s a contract to pay compensation for services rendered in negotiating a loan . . . ."

Plaintiff's claim for "breach of an oral contract" alleges that "Defendants have failed and refused to compensate her for services rendered in connection with renegotiating the terms of a $98,459,169 million loan."  Second Am. Compl. (Ex. 5) ¶¶ 1, 68-72; *see also id.* ¶¶ 27, 31-39 (detailing the loan negotiations Plaintiff allegedly undertook pursuant to the oral contract).  Any alleged oral agreement for compensation is void under New York's Statute of Frauds.  *See Hershkowitz v. Think Tech Labs, LLC*, 651 F. App'x 15, 17 (2d Cir. 2016); *Belotz v. Jefferies & Co., Inc.*, No. 98 Civ. 2587, 1999 WL 587916, at *3 (S.D.N.Y. Aug. 4, 1999), *aff'd*, 213 F.3d 625 (2d Cir. 2000); *Rosbach v. Indus. Trading Co., Inc.*, 81 F. Supp. 2d 522, 524 (S.D.N.Y. 2000). This is dispositive of Plaintiff's claim.

### B.   Plaintiff's Written Documentation Fails to Supply the Material Terms of the Contract.

In certain limited exceptions, New York courts have found sufficient evidence in a "series of writings" to satisfy the Statute of Fraud's requirement for a single "note or memorandum," where those documents collectively "'clearly refer to the same subject matter or transaction' . . .

12

[and] 'contain substantially the whole agreement and all of its material terms and conditions.'" *KJ Roberts & Co. Inc. v. MDC Partners Inc.*, No. 12 Civ. 5779, 2014 WL 1013828, at *7 (S.D.N.Y. Mar. 14, 2014) (quoting *Kobre v. Instrument Sys. Corp.*, 387 N.Y.S.2d 617, 618-19 (1st Dep't 1976)). Material terms to a contract include but are not limited to: the parties to be bound; the scope, duration and duties of the assignment, and the compensation to be paid. *See, e.g., Foros Advisors LLC v. Digital Globe, Inc.*, 333 F. Supp. 3d 354, 360 (S.D.N.Y. 2018); *Compunnel Software Gr., Inc. v. Gupta*, No. 14 Civ. 4790, 2015 WL 1224298, at *5 (S.D.N.Y. Mar. 17, 2015). Further "[e]ven assuming that the writings viewed together constitute a memorandum which demonstrates the existence of a material term orally agreed upon, but which was not recited, such omission is fatal to the contention that the writings satisfy the Statute of Frauds." *KJ Roberts & Co. Inc.*, 2014 WL 1013828, at *7 (quotation and citation omitted).

Though Plaintiff contends that the series of "emails of May 31" appended to her Second Amended Complaint "satisfy the writings requirement of GOL § 5-701," *see* Second Am. Compl. (Ex. 5) ¶ 33; Pl.'s 6/6/19 Letter (Ex. 4), these exhibits fail to supply the essential contractual terms as required. As an initial matter, Exhibits B-C do not pertain to the negotiations of the 2019 JPM Loan. Indeed, only one of these documents, Exhibit C, even references the existence of the loan— a reference which occurs in the context of a wider spreadsheet detailing all outstanding loans to Mr. Bryant and the Winery. Exhibit E, the "Art Loan Discussion" document, is the only document discussing the 2019 JPM Loan negotiations. According to Plaintiff:

> 30. This document constituted Mrs. Byrant's instructions to Ms. Ridenhour, to renegotiate the terms of the current loan, stating "we must renew this loan by or before spring 2019."

> 31. The memo goes on to direct a general approach, but states "The loan may be placed with one bank or split between two."

13

Second Am. Compl. (Ex. 5) ¶¶ 30-31.  Despite Plaintiff's contention, this document does not direct Plaintiff to act.  As an initial matter, it appears to be circulated to a wider audience than Plaintiff—as it contains a reference to Plaintiff in the third-person.  *See id.* at Ex. E at 3 ("Lauren and I also analyzed the St. Helena house mortgage amidst this increasing interest rate environment."). Further, there is nothing on the face of the document that assigns the task of renegotiating the loan to Plaintiff—"an omission which is fatal to the contention that the writings satisfy the Statute of Frauds."  *KJ Roberts & Co. Inc.*, 2014 WL 1013828, at *7 (quotation and citation omitted).

The most glaring omission from the documents, including Exhibit E, is the absence of a price term.  Unable to supply the price term from any written proof, Plaintiff pleads that she and Mrs. Bryant orally agreed that she would be compensated for the 2019 JPM Loan "as she previously had been compensated" in connection with the 2016 JPM Loan.  Second Am. Compl. (Ex. 5) ¶ 26. As discussed in section II, *supra*, the alleged price term is indefinite as a matter of law.  Even if were not, the omission of the price term from the written documentation "is fatal to the contention that the writings satisfy the Statute of Frauds."  *KJ Roberts & Co. Inc.*, 2014 WL 1013828, at *7 (quotation and citation omitted).

Separate and apart from the absence of any ascertainable compensation term, the pleading contains not a single reference to any agreement, promise or communication made between Mr. Bryant and Plaintiff.  Indeed, all the promises and exchanges referenced in paragraphs 24-40 which concern "Ms. Ridenhour's 2018 Loan Negotiation Engagement"—the core of the present dispute—flow from Mrs. Bryant to Plaintiff.  In short, Plaintiff fails to plead that Mr. Bryant promised to pay her for her negotiating "services" with respect to the 2019 JPM Loan.  Second

Am. Compl. (Ex. 5) ¶ 2.  Plaintiff's inability correctly to identify the parties with whom she allegedly had an oral contract[5] is but further indication that no such contract existed.

As shown above, Plaintiff fails to plead any written evidence of anything supporting her claim.  Her attempt to supply any of these essential terms through oral conversations fails under the statutory requirements, and her Second Amended Complaint should be dismissed.

### C. Partial Performance by Plaintiff Is Irrelevant.

Any partial performance by Plaintiff is irrelevant.  *See* Second Am. Compl. (Ex. 5) ¶¶ 35-39.  "[T]he New York Court of Appeals has 'firmly stated' that there is no part performance exception to § 5-701(a)(10) of New York's statute of frauds."  *Duckett v. Hadley Engelhard, Esq.*, No. 15 Civ. 8645, 2017 WL 512455, at *3 (S.D.N.Y. Feb. 6, 2017); *see Messner Vetere Berger McNamee Schmetterer Euro RSCG Inc. v. Aegis Grp. Plc*, 93 N.Y.2d 229, 235 n.1 (1999); *accord Gutkowski*, 680 F. Supp. 2d at 613 n.3 (collecting cases).

### IV. PLAINTIFF'S CLAIM FOR PROMISSORY ESTOPPEL ALSO FAILS FOR INDEFINITENESS AND UNDER THE STATUTE OF FRAUDS.

There is "no factual distinction" between Plaintiff's breach of contract and promissory estoppel claims, *see Duckett*, 2017 WL 512455, at *4, and the allegations of promissory estoppel fail for the same reasons articulated above.

First, indefiniteness precludes a claim for promissory estoppel.  *See, e.g.*, *Reprosystem, B.V. v. SCM Corp.*, 727 F.2d 257, 265 (2d Cir. 1984) (affirming dismissal of promissory estoppel claim because "[p]laintiffs can neither point to any clear and unambiguous promise made by [defendant] to the effect that it would consummate the deal, nor show that they reasonably relied

---

[5] This is not the first time Plaintiff has been mistaken about the identity of a party with whom she allegedly had a contract.  Indeed, when Plaintiff initiated this action, she claimed to have a contract with Mrs. Bryant and the Trust.  *See* Initial Complaint (Ex. 1).  Now, however, she claims to have a contract with Mr. and Mrs. Bryant.

on any promise implied from [defendant's] conduct during the negotiations."); *Mondo Inc. v. Sirco Int'l Corp.*, No. 97 Civ. 3121, 1998 WL 849401, at \*12 (S.D.N.Y. Dec. 7, 1998) (dismissing promissory estoppel claim because defendant could not "plausibly be said to have made a 'clear and unambiguous' promise," and even if it did, plaintiff's purported reliance "was the product of defendant's own neglect and was neither reasonable nor foreseeable").

Second, "[i]t is well settled that under New York law a plaintiff may not escape the Statute of Frauds by attaching the label . . . 'promissory estoppel' . . . to the underlying contract claim." *Morgenweck v. Vision Capital Advisors, LLC*, 410 F. App'x 400, 402 n.1 (2d Cir. 2011) (collecting cases); *accord Hanson v. Hanson*, No. 18 Civ. 695, 2019 WL 935127, at \*6-7 (S.D.N.Y. Feb. 26, 2019) (granting motion to dismiss claims for unjust enrichment and promissory estoppel because a party "may not recast her claims in equity to avoid the Statute of Frauds").

Indeed, to "circumvent the 'statutory bar' on enforcement of unwritten agreements that fall under the Statute of Frauds, . . . promissory estoppel claims require an injury so egregious that it would be unconscionable to allow a defendant to invoke the Statue of Frauds." *CMC Transaction Servs., LLC v. IDEX Corp.*, No. 18 Civ. 4925, 2019 WL 3496643, at \*4 (S.D.N.Y. Aug. 1, 2019); *accord Philo Smith & Co., Inc. v. USLIFE Corp.*, 554 F.2d 34, 36 (2d Cir. 1977).  Indeed, the injury must be "so substantial in quality as to irremediably alter [the plaintiff's] situation and make the interposition of the statute against performance a fraud."  *Philo Smith & Co.*, 554 F.2d at 36. It is "well established under New York law that lost fees are not 'unconscionable injuries' for purposes of circumventing the Statute of Frauds."  *CMC Transaction Servs.*, 2019 WL 3496643, at \*4 (quoting *Ellis v. Provident Life & Accident Ins. Co.*, 3 F. Supp. 2d 399, 410-11 (S.D.N.Y. 1998)); *accord Philo Smith & Co.*, 554 F.2d at 36 (affirming the district court's dismissal of the complaint because "the only substantial injury suffered by the plaintiffs was the loss of a fee from

the defendant . . . [and] this is not the kind of injury contemplated by New York law" to be exempted from the statute); *Rosenthal v. Kingsley*, 674 F. Supp. 1113, 1126 (S.D.N.Y. 1987) (nonpayment of fees owed was "merely a loss from nonperformance of a void agreement" and therefore not sufficiently unconscionable to estop reliance on a Statute of Frauds defense).

Plaintiff's claim for $400,000 for any alleged services she provided in connection with the renegotiation of Mr. Bryant's loan is precisely the type of "lost fee" that New York courts have held to be unrecoverable.  *See generally id*.

The forgoing is dispositive.  Any alleged promise between Plaintiff and Defendants is indefinite, and Plaintiff is prohibited from pleading around the Statute of Frauds through promissory estoppel.

## V.   PLAINTIFF SHOULD NOT BE ALLOWED TO REPLEAD.

Plaintiff has unsuccessfully attempted to plead a viable claim three times.  Any further opportunities to replead at this stage would be futile, especially given that the underlying facts are not outside of her control.  *See, e.g.*, *Lopez v. Ctpartners Exec. Search Inc.*, 173 F. Supp. 3d 12, 44 (S.D.N.Y. 2016) ("[W]here the problems with a claim are 'substantive' . . . an opportunity to replead would be 'futile' and should be denied."); *see also Cucina Classica Italiana, Inc. v. Banca Nazionale Del Lavoro*, No. 96 Civ. 1144, 1997 WL 2516, at *5 (S.D.N.Y. Jan. 3, 1997), *aff'd sub nom. Cucina Classica Italiana, Inc. v. Banco Nazionale Del Lavoro*, 133 F. 3d 906 (2d Cir. 1997) (no repleading where plaintiff could not remedy deficiencies).  Accordingly, the dismissal should be with prejudice.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants'

motion to dismiss the Second Amended Complaint with prejudice and grant any such other relief

that the Court deems just and proper.


Dated: New York, New York
       August 14, 2019



**GREENBERG TRAURIG, LLP**

By: */s/ Jennifer A. Surprenant*
    Jennifer A. Surprenant
Alan Mansfield
200 Park Avenue
New York, NY 10166
(212) 801-9200
(212) 801-6400 (facsimile)
surprenantj@gtlaw.com
mansfielda@gtlaw.com

*Attorneys for Defendants*