UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAUREN RIDENHOUR,<br><br>                    Plaintiff,<br><br>        v.<br><br>BETTINA SULSER BRYANT and DONALD L. BRYANT, JR.,<br><br>                    Defendants. | No. 1:19-cv-2587<br><br>**Oral Argument Requested** |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

**GREENBERG TRAURIG, LLP**
Alan Mansfield, Esq.
Jennifer A. Surprenant, Esq.
200 Park Avenue
New York, New York 10166
mansfielda@gtlaw.com
surprenantj@gtlaw.com
Tel:     (212) 801-9200
Fax:    (212) 801-6400

*Attorneys for Defendants Bettina Sulser Bryant and Donald L. Bryant, Jr.*

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ............................................................................................................................... 2

    I.    Plaintiff's Filing of Her Second Amended Complaint Violated Court Rules. ................................................................................................................... 2

    II.    The Second Amended Complaint Fails to Plead the Existence of an Enforceable Contract. ....................................................................................... 3

        A.    Plaintiff Pleads an Indefinite Price Term. ..................................................... 3

        B.    Plaintiff Does Not Establish the Parties to Be Bound. ................................. 5

        C.    Plaintiff Pleads That She Did Not Perform. ................................................. 6

    III.    The Statute of Frauds Voids Any Alleged Oral Agreement. ................................ 7

    IV.    Plaintiff Does Not Plead Unconscionable Injury. ................................................. 9

CONCLUSION ......................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alaimo v. Mongelli*,
  2008 N.Y. Slip Op 50646(U), 19 Misc. 3d 1111(A), 859 N.Y.S.2d 900 (Sup.
  Ct. Nassau Cty. 2008) ...................................................................................................7

*APL Co. Pte. Ltd. v. Kemira Water Sols., Inc.*,
  890 F. Supp. 2d 360 (S.D.N.Y. 2012)............................................................................4

*Arbitron, Inc. v. Tralyn Broad., Inc.*,
  400 F.3d 130 (2d Cir. 2005)...........................................................................................3

*Bd. of Managers of Trump Tower at City Ctr. Condo. by Neiditch v. Palazzolo*,
  346 F. Supp. 3d 432 (S.D.N.Y. 2018)............................................................................9

*Diversified Prods., Inc. v. Tops Mkts., Inc.*,
  No. 99-CV-0457, 2001 WL 640697 (W.D.N.Y. June 7, 2001)......................................5

*Dominick & Dominick LLC v. Deutsche Oel & Gas AG*,
  No. 14 Civ. 06445, 2016 WL 11259075 (S.D.N.Y. Aug. 15, 2016) ..............................6

*Great Lakes Cheese of N.Y., Inc. v. Agri-Mark, Inc.*,
  No. 7:14-CV-0232, 2016 WL 5717337 (N.D.N.Y. Sept. 30, 2016)...............................4

*Greystone P'ship Grp., Inc. v. Koninklijke Luchtvaart Maatschappij N.V.*,
  815 F. Supp. 745 (S.D.N.Y. 1993) ................................................................................6

*In re Hostess Brand*,
  499 B.R. 406 (S.D.N.Y. 2013).......................................................................................7

*KJ Roberts & Co. Inc. v. MDC Partners Inc.*,
  No. 12 Civ. 5779, 2014 WL 1013823 (S.D.N.Y. Mar. 14, 2014) .................................8

*Mayaguez S.A. v. Citigroup, Inc.*,
  No. 16 Civ. 6788, 2018 WL 1587597 (S.D.N.Y. Mar. 28, 2018) ...............................10

*Morpheus Capital Advisors LLC v. UBS AG*,
  23 N.Y.3d 528 (2014) ...................................................................................................6

*Multi-Juice, S.A. v. Snapple Beverage Corp.*,
  No. 02 Civ. 4635, 2006 WL 2548475 (S.D.N.Y. Sept. 1, 2006)....................................9

*Piven v. Wolf Haldenstein Adler Freeman & Herz LLP*,
  No. 08 Civ. 10578, 2010 WL 1257326 (S.D.N.Y. Mar. 12, 2010) ...............................4

*United States v. Gen. Douglas MacArthur Senior Vill., Inc.*,
  508 F.2d 377 (2d Cir. 1974)...........................................................................................7

iii

                                                          **Page(s)**

**Other Authorities**

Court Rule 2.D ............................................................................................................................... 2
Court Rule 2.H ............................................................................................................................... 5
Fed. R. Civ. P. 15 ........................................................................................................................... 3

Defendants Bettina Sulser Bryant and Donald L. Bryant, Jr. ("Defendants") submit this reply memorandum of law in further support of their motion to dismiss the Second Amended Complaint ("SAC") of Lauren Ridenhour ("Plaintiff") with prejudice (the "Motion" (Dkt. 18)).

## PRELIMINARY STATEMENT

Plaintiff concedes that the Statute of Frauds governs this action and contends that the exhibits appended to her Second Amended Complaint collectively supply the material elements of the parties' alleged oral agreement for Plaintiff to negotiate a bank loan. Yet, she does not identify where in the exhibits the price she is to be paid is stated or the parties who are to be bound are identified. Nor does she identify where in the exhibits Defendants engage her and what she was directed to do. The explanation for Plaintiff's silence is simple: The exhibits do not contain these essential terms; they cannot satisfy the writings requirement of the Statute of Frauds; any alleged oral contract is void; and Plaintiff has no claim for relief.

The foregoing is case dispositive. Even if it were not, Plaintiff pleads an indefinite contract. Throughout her pleading and in her Opposition, she repeatedly contradicts herself as to the parties' alleged agreement on the amount of her compensation, first claiming that she was to be paid based on the "value [she] added" to the overall transaction and now (for the first time in her Opposition) claiming that she was to receive "a portion of 20% of the savings obtained." These price terms are indefinite as a matter of law. Plaintiff does not (and cannot) plead any objective reference point for setting her compensation.

The absence of a definite price term is not the only bar to enforceability of the alleged agreement. Plaintiff has failed to establish the parties to be bound. Initially, she claimed to have a contract with Mrs. Bryant and the Donald L. Bryant, Jr. Family Art Trust. Through her successive amendments, she changed her mind, and in her Second Amended Complaint, she claims

to have a contract with Mr. and Mrs. Bryant, personally.  Now, for the first time in her Opposition, she repeatedly references the Defendants' winery (an independent California corporation against which she has pleaded no claims) as if it were a defendant.

In short, Plaintiff does not have an enforceable contract.  Indeed, she pleads:

- Writings that are insufficient to satisfy the statutory requirements,
- An indefinite price term, and
- Contradictory statements as to the parties to be bound.

In short, she pleads an unenforceable oral agreement that is barred by the Statute of Frauds and otherwise indefinite.  This action is frivolous and should be dismissed with prejudice.

## ARGUMENT

### I. Plaintiff's Filing of Her Second Amended Complaint Violated Court Rules.

Plaintiff's unilateral decision to proceed with filing her Second Amended Complaint in the absence of Court leave is a direct violation of both the Individual Practices of Andrew L. Carter, Jr. (the "Court Rules") and the Federal Rules of Civil Procedure.  Plaintiff concedes that she never received leave and instead argues that the filing of her Second Amended Complaint was proper because her pre-motion conference letter advised of her intent to so proceed, citing Court Rule 2.D.[1]  *See* Opposition ("Opp'n" (Dkt. 24)) at 2.  Court Rule 2.D states that "[d]uring a pre-motion conference to discuss a motion to dismiss, the non-moving party must advise the Court and its adversary whether it intends to file an amended pleading." (Emphasis added.)  Plaintiff ignores the predicate phrase, "[d]uring a pre-motion conference," which contemplates the occurrence of

---

[1] Plaintiff mischaracterizes Defendants' initial argument stating:  "In the Motion, the Winery first argues, without citation to Court Rule 2.D, that Ms. Ridenhour failed to make a separate motion to amend."  Opp'n at 6.  First, as discussed at section II.C *infra*, the Winery is not a party to this action.  Second, Defendants' Motion cited to the Court Rules expressly.  *See* Mot. at 8 ("in accordance with Court Rule 2").  Finally, the Motion did not argue that Plaintiff needed to make a motion to amend; it contended that Plaintiff filed her Second Amended Complaint without authority as the Court did not schedule the pre-motion conference, or otherwise grant leave.  *See id.*

2

that conference. Without Court leave (obtained either at that conference or otherwise), Plaintiff's second amendment is in direct violation of Federal Rule of Civil Procedure 15. *See* Mot. at 8.

Accordingly, dismissal of the Second Amended Complaint with prejudice is warranted.

## II. The Second Amended Complaint Fails to Plead the Existence of an Enforceable Contract.

### A. Plaintiff Pleads an Indefinite Price Term.

Plaintiff cannot make up her mind as to what constitutes the price term of the parties' alleged agreement for Plaintiff to negotiate a loan on Defendants' behalf in 2019 (the "2019 JPM Loan"). Indeed, she has articulated three alternatives, two which she pleads and a third that she now adds in her Opposition. As discussed in Defendants' Motion, Plaintiff pleads two contradictory price terms: (1) a flat "'fee for her services'" of $400,000,[2] *see* Mot. at 9 (quoting SAC ¶¶ 2, 80); and (2) a fee "'based on the value that she would add to the new loan's terms,'" *see* Mot. at 10 (quoting SAC ¶ 26)); *accord* Opp'n at 3. Now, for the first time in her Opposition, she adds a third possibility, contending that her fee was to be "a portion of 20% of the savings obtained," *see* Opp'n at 8, 9. Plaintiff's continued contradictions as to how she was to be compensated underscore the absence of an agreement between the parties.

Plaintiff claims that these three, completely different payment formulations can be reconciled because the parties' course of dealings establish a "mechanism for objectively setting material terms in the future without further negotiations." Opp'n at 8–9 (citing *Arbitron, Inc. v. Tralyn Broad., Inc.*, 400 F.3d 130, 137 (2d Cir. 2005)). Plaintiff is legally and factually incorrect.

---

[2] Plaintiff appears to have retreated from this position, as her Opposition contends only that $400,000 was the fee she accepted for her work on the 2016 loan (the "2016 JPM Loan"). *See* Opp'n at 3. Regarding the $400,000 fee Plaintiff seeks for her work on the 2019 JPM Loan, Plaintiff contends she received an "initial $100,000 payment on May 31." *Id.* at 5; *accord* SAC ¶ 28. Thus, under Plaintiff's own theory, she should be seeking only $300,000 in this action.

As an initial matter, one prior interaction between the parties is insufficient to establish a "course of dealing" for purposes of supplying material contractual elements.  *See, e.g.*, *APL Co. Pte. Ltd. v. Kemira Water Sols., Inc.*, 890 F. Supp. 2d 360, 367 (S.D.N.Y. 2012).  Even if this were not the case, Plaintiff has not pleaded that the parties agreed to use the 2016 JPM Loan negotiation as a point of reference for the compensation term of the 2019 JPM Loan negotiation.  Rather, she pleads that the parties agreed that she was to be compensated based on the "value [she] added" to the transaction—a phrase which is indefinite as a matter of law.[3]  *See* Mot. at 10 (collecting cases).

Even if the foregoing were not dispositive, the 2016 JPM Loan negotiation cannot provide any "mechanism for objectively setting" the price term for the 2019 JPM Loan negotiation.  As discussed in the Motion, Plaintiff sought $617,958 as her payment for her work on the 2016 JPM Loan, but was paid $400,000.  *See* Mot. at 10–11; *accord* SAC ¶ 17 and Ex. A.  Plaintiff does not plead any explanation as to how this $400,000 figure was calculated.  *See* SAC ¶¶ 17–18.  For this further reason, the 2016 JPM Loan negotiation cannot inform the payment term of the parties' alleged agreement regarding the 2019 JPM Loan negotiation.  *See* Mot. at 10–11.

The cases Plaintiff cites in support of using the 2016 JPM Loan negotiation are distinguishable.  In all three of those cases, the parties engaged in numerous prior dealings and agreed to an objective reference for computation of the price term.  *See Great Lakes Cheese of N.Y., Inc. v. Agri-Mark, Inc.*, No. 7:14-CV-0232, 2016 WL 5717337, at *7, *9 (N.D.N.Y. Sept. 30, 2016) ("The parties [who had worked together "on an at-will basis, for more than twenty years"] agreed that [plaintiff] would be paid for its services at a rate set forth by a hauling committee based on load sheets. . . . [t]hus, the record reflects that the parties determined a price term by regular reference to a specific source during the course of their dealings . . . ."); *Piven v.*

---

[3] Plaintiff's new, unpleaded formulation of "a portion of 20%" fares no better as she has not pointed to any objective criteria that could be used to determine what "a portion" means.

*Wolf Haldenstein Adler Freeman & Herz LLP*, No. 08 Civ. 10578, 2010 WL 1257326, at *6 (S.D.N.Y. Mar. 12, 2010) (finding the price term sufficiently definite where the parties agreed "that [Defendants] would pay to Plaintiffs a fee between 10% and 20% of [Defendants'] net fees for each referred client . . . [Defendants] made payments to Plaintiffs pursuant to this agreement on 'dozens' of occasions . . . [and] Defendants referred in writing to the existence of a 'fee formula' used to calculate Plaintiffs' payment as well as describing one such payment as 'your 20% share of the fees we received'" (citation omitted)); *Diversified Prods., Inc. v. Tops Mkts., Inc.*, No. 99-CV-0457, 2001 WL 640697, at *4 (W.D.N.Y. June 7, 2001) (holding that though the parties neglected to annex the agreed-upon price schedules to the final contract, because the defendant had purchased goods "in conformance with such price schedules for approximately a year without any confusion or ambiguity," the price term sufficiently was definite).[4]  The foregoing case law thus has no applicability here where the parties (1) engaged in only one prior transaction and (2) did not agree upon any definite price term or objective point of reference for calculating that term.

### B.    Plaintiff Does Not Establish the Parties to Be Bound.

In addition to pleading an indefinite price term, Plaintiff fails plausibly to identify the parties to be bound.  As discussed in Defendants' Motion, Plaintiff does not know with whom she allegedly had a contract.  *See* Mot. at 14–15.  Indeed, when Plaintiff initiated this action, she claimed to have a contract with Mrs. Bryant and the Donald L. Bryant, Jr. Family Art Trust.  *See* Complaint (Dkt. 1).  Now, in the Second Amended Complaint, she claims to have a contract with Mr. and Mrs. Bryant, personally—notwithstanding the fact that she has not alleged a single agreement, promise, or communication made between herself and Mr. Bryant.  *See* Mot. at 14–15.

---

[4] In further violation of the Court Rules, Plaintiff's Opposition provides Lexis citations despite the availability of these cases on Westlaw.  *See* Court Rule 2.H ("Westlaw citations should be provided, if available, to cases not available in an official reporter.").

Her Opposition wholly ignores this point. Instead, Plaintiff compounds the issue by interchangeably referring to Mrs. Bryant and "the Winery" as if the latter were a defendant in this action. *See* Opp'n at 6, 10, 12. Bryant Vineyards Ltd. (the "Winery") is an independent California corporation, which was not sued in this action. *See* SAC ¶¶ 11–23, 34; *accord* Opp'n at 8. Her interchangeable (and impermissible) references to the "Winery" as a defendant throughout her Opposition further underscore Plaintiff's own confusion regarding this material contractual element, and further compel the conclusion that the parties lacked an enforceable agreement.

  **C.**  **Plaintiff Pleads That She Did Not Perform.**

Even if the parties had agreed on a definite price term, and even if the parties to the contract could be ascertained, Plaintiff pleads that she did not perform. Indeed, she does not plead that the 2019 JPM Loan was consummated or what "value [she] added" to its terms. *See, e.g.*, *Greystone P'ship Grp., Inc. v. Koninklijke Luchtvaart Maatschappij N.V.*, 815 F. Supp. 745, 752 (S.D.N.Y. 1993) ("It is New York law that a broker is never entitled to commissions for unsuccessful efforts." (internal quotation and citation omitted)). Further, she does not (and cannot) plead the existence of any provision that theoretically could be contained in a brokerage agreement that would entitle her to compensation in the absence of performance. To that end, the New York Court of Appeals in *Morpheus Capital Advisors LLC v. UBS AG*, 23 N.Y.3d 528, 535–36 & n.2 (2014) expressly rejected a broker's claim for commission because (like here) the parties' agreement lacked a "clear statement" granting the broker exclusive negotiation rights and payment absent procurement. *Accord Dominick & Dominick LLC v. Deutsche Oel & Gas AG*, No. 14 Civ. 06445, 2016 WL 11259075, at *5 (S.D.N.Y. Aug. 15, 2016) (collecting cases providing examples of provisions that "satisfy New York's clear statement rule," all of which demonstrate that the obligator "expressly agreed to proceed only through the broker" and compensate the broker regardless of success). Her

Opposition ignores Defendants' argument concerning this omission.  *See* Mot. at 11–12.

Instead, Plaintiff contends that "Her Performance Was Rendered Impossible by the Winery's Termination of her Employment," Opp'n at 10, but as discussed *supra* and as pleaded by Plaintiff, the Winery is not a party to this suit and had no connection to the compensation that she allegedly was promised.  Indeed, Plaintiff misapprehends the application of the doctrine of impossibility.  As Plaintiff acknowledges, impossibility is an affirmative defense to non-performance where a defendant is unable "to perform as promised due to intervening events, such as an act of state or destruction of the subject matter of the contract."  Opp'n at 10 (citing *United States v. Gen. Douglas MacArthur Senior Vill., Inc.*, 508 F.2d 377, 381 (2d Cir. 1974)).

Unsurprisingly, the cases on which she relies are inapposite.  *See* Opp'n at 10.  In *Alaimo v. Mongelli*, the plaintiff hired the defendant to undertake his appeal, discharged the defendant almost immediately, and then sued defendant in breach of contract for failing to prosecute.  2008 N.Y. Slip Op 50646(U), 19 Misc. 3d 1111(A), 859 N.Y.S.2d 900 (Sup. Ct. Nassau Cty. 2008).  Unlike Plaintiff here, that defendant was not seeking payment for services rendered in connection with the appeal.  In *In re Hostess Brand*, the Court held that defendant could <u>not</u> benefit from the defense of impossibility because the alleged impossibility resulted from defendant's own actions.  499 B.R. 406, 414–15 (S.D.N.Y. 2013).  Thus, far from supporting the doctrine's applicability, this case in fact compels the opposite result.

### III.     The Statute of Frauds Voids Any Alleged Oral Agreement.

Plaintiff concedes that the parties' agreement is subject to the Statute of Frauds, and contends that the writings requirement of the statute is satisfied by the "[e]mails exchanged" between Mrs. Bryant and Ms. Ridenhour which "collectively constitute a contract."  *See* Opp'n at 11.  Despite this conclusion, Plaintiff provides no plausible explanation as to how these writings

7

satisfy the statutory requirements.[5]  Indeed, they do not.  As detailed in Defendants' Motion, the documents do not address payment nor do they identify the parties to be bound.  *See* Mot. at 12–15.  Plaintiff does not respond to either of these glaring—and dispositive—omissions from the documents.  *See id.*, *accord KJ Roberts & Co. Inc. v. MDC Partners Inc.*, No. 12 Civ. 5779, 2014 WL 1013823, at *7 (S.D.N.Y. Mar. 14, 2014) (omission of even one essential element from the collection of writings "is fatal to the contention that the writings satisfy the Statute of Frauds" (internal quotation and citation omitted)).

Indeed, Plaintiff does not even attempt to explain the relevance of appending Exhibits B–C to her Second Amended Complaint, contending that Exhibit E (the "Art Loan Discussion") alone sets forth her "duties" in respect to the 2019 JPM Loan negotiation.  Opp'n at 14.  However, she points to no language in that document pursuant to which the Defendants direct her to act or that sets forth what she is supposed to do.  None exists.  The documents contain no compensation term, no mention of the parties to be bound. and no direction to Plaintiff to act.  Lacking these essential contractual elements, the writings cannot satisfy the requirements of the Statute of Frauds.

Instead of showing how the exhibits satisfy the statutory requirements, Plaintiff quibbles with two cases cited by Defendants for black-letter propositions.  *See* Opp'n at 13 ("The Bryants' reliance upon *KJ Roberts* and *Foros* is misplaced.").  Defendants' citations are proper.  The Motion cited *KJ Roberts* to establish that when the writings, collectively, omit a material term orally agreed upon, "such omission is fatal to the contention that the writings satisfy the Statute of Frauds." *KJ Roberts*, 2014 WL 1013823, at *7 (internal quotation and citation omitted).  Further, Defendants cited *Foros* to support the definition as to what constitutes a material term of a contract under New

---

[5] Plaintiff errs in contending that the "Winery raises several factual objections to the exhibits to the SAC, which are not relevant on a motion to dismiss." Opp'n at 12 & n.6. As discussed *supra*, the Winery is not a party to this action. Moreover, the question on a motion to dismiss is whether Plaintiff has pleaded facts that plausibly state a claim. As demonstrated throughout the Motion and this Reply, she has not.

York law.  *See* Mot. at 13.  Notably, Plaintiff does not challenge either of the foregoing black-letter propositions that Defendants' citations support—nor could she.

The factual distinctions Plaintiff draws between these two cases and the present action equally are unavailing.  As demonstrated above and in the Motion, the documents do not supply the material terms of the contract.  Accordingly, any oral agreement between the parties is void.

## IV. Plaintiff Does Not Plead Unconscionable Injury.

As Plaintiff concedes, where a contract is rendered unenforceable by the Statute of Frauds, a plaintiff must plead an unconscionable injury to proceed on a claim for promissory estoppel.  *See* Opp'n at 15; *accord Bd. of Managers of Trump Tower at City Ctr. Condo. by Neiditch v. Palazzolo*, 346 F. Supp. 3d 432, 470 (S.D.N.Y. 2018) (granting motion to dismiss where "assuming that [plaintiff] has satisfied the first two elements [of promissory estoppel], he has failed to plead an unconscionable injury").

There is no unconscionable injury here.  Under New York Law, an unconscionable injury "is defined as an injury beyond that which flows naturally from the non-performance of the unenforceable agreement." *Multi-Juice, S.A. v. Snapple Beverage Corp.*, No. 02 Civ. 4635, 2006 WL 2548475, at *5 (S.D.N.Y. Sept. 1, 2006) (internal quotation and citation omitted).  Importantly, Plaintiff pleads only that she suffered a monetary loss directly relating to the parties' alleged agreement—a circumstance which does not constitute an unconscionable injury.  *See* Mot. at 16–17 (collecting cases).  This especially is so here given Plaintiff has pleaded that while she was working on the loan for Defendants, she simultaneously received W-2 wages from the Winery. *See* SAC ¶ 10.  Plaintiff does not attempt to distinguish Defendants' authorities on this issue, thus effectively conceding their governance.

Moreover, Plaintiff's alleged oral agreement, on the whole, lacks indicia of

unconscionability. "In general, an unconscionable contract has been defined as one which is so grossly unreasonable as to be unenforceable because of an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." *Mayaguez S.A. v. Citigroup, Inc.*, No. 16 Civ. 6788, 2018 WL 1587597, at *13 (S.D.N.Y. Mar. 28, 2018) (internal quotation and citation omitted). Contrary to this standard, Plaintiff pleads that she is a sophisticated party, having worked since 2014 as a financial consultant allegedly in the precise capacity for which the Defendants hired her. *See* SAC ¶¶ 1, 9. There is no unconscionability here.

In light of the foregoing, her claim for promissory estoppel should be dismissed.

## CONCLUSION

For the foregoing reasons and the reasons articulated in the Motion, Defendants respectfully request that the Court grant Defendants' Motion to dismiss the Second Amended Complaint with prejudice together with such other relief that the Court deems just and proper.

Dated: New York, New York
September 27, 2019

                      Respectfully submitted,

                      **GREENBERG TRAURIG, LLP**

                      By: */s/ Jennifer A. Surprenant*
                          Jennifer A. Surprenant

                      Alan Mansfield
                      200 Park Avenue
                      New York, NY 10166
                      (212) 801-9200
                      (212) 801-6400 (facsimile)
                      surprenantj@gtlaw.com
                      mansfielda@gtlaw.com

                      *Attorneys for Defendants*